UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>JERALD LAVELLE JOHNSON,<br><br>   Defendant. | 2:00-CR-0394-RLH-PAL<br><br>**O R D E R**<br>(Motion to Correct Clerical Error#161)<br>(Motion for Execution of Judgment–#166) |

  Before the Court is Defendant Johnson's **Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure Rule 36** (#161), to which the Government filed its Response (#165). Also before the Court is Defendant Johnson's **Motion for Execution of Judgment** (#166), to which the Government filed its Response (#167).

  Neither motion has merit, but the Court will address the latter first.

  Defendant's Motion for Execution of Judgment, aside for being a misnomer (there is no judgment to execute), was based upon the mistaken assertion that the Government had not filed a response to the first motion by the June 9, 2008, deadline. In fact, the Government filed its response on May 29, 2008, well before the deadline. The Motion for Execution of Judgment will, accordingly, be denied.

  The Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure Rule 36 will also be denied, for two reasons:

/ / / /

**1. NO ERROR IN THE JUDGMENT OF SENTENCE**

Defendant's motion assumes that the Court intended something that it did not, and had just not made itself clear. The Court, both at the time of its 235-month sentence, and again, at the 120-month sentence, ordered that the sentence was to run concurrently with the **undischarged** term of the state imprisonment. The intent of the Court, as was correctly interpreted by the Bureau of Prisons, was that this Court's sentence was to run concurrently with whatever remained of the state sentence beginning from August 23, 2002, the date of this Court's original sentence. There was never any intent by this Court to give the Defendant credit for the 22 months, or whatever time he had served on the state sentence before this Court's sentence was imposed. The Bureau of Prisons got it right. The Defendant got it wrong. There is no need for a correction. There is no ambiguity. The motion will be denied on that ground.

**2. THE MOTION IS AN UNAUTHORIZED § 2255 MOTION**

Defendant Johnson characterizes this motion as being brought pursuant to Fed. R. Crim P. 36, which provides for correction of clerical errors. Yet, his motion clearly states that the Order of Commitment correctly reflects the judgment of the Court, it is only the difference in interpretation between Johnson and the Bureau of Prisons which is the issue, *i.e.*, that the Order is ambiguous, possibly not reflecting the intent of the Court. What Defendant seeks is a modification to reflect what he hopes the Court intended.

Because Defendant is not asking for relief under 28 U.S.C. § 2241, but is requesting relief from the sentencing judge, and is asking this Court to clarify (correct) the sentence to conform to his liking, this is more properly a motion under Section 2255. However, that section forbids a second and successive motion without leave of the Circuit Court of Appeals, which has neither been requested nor granted. This Court denied a previous § 2255 motion on October 15, 2005. Accordingly, this is an unauthorized § 2255 motion, that was brought untimely.

/ / / /

/ / / /

IT IS THEREFORE ORDERED that Defendant's **Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure Rule 36** (#161) and **Motion for Execution of Judgment** (#166) are both DENIED.

Dated: July 7, 2008.

_____
Roger L. Hunt
Chief United States District Judge